Nunez v CH Hous. Dev. Fund Corp. (2025 NY Slip Op 00381)

Nunez v CH Hous. Dev. Fund Corp.

2025 NY Slip Op 00381

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 800460/21 Appeal No. 3561 Case No. 2023-04390 

[*1]Marco Tulio Aleman Nunez, Plaintiff-Respondent,
v
CH Housing Development Fund Corporation, et al., Defendants-Appellants.

Lewis Brisbois & Smith LLP, New York (Junghoo Yang of counsel), for appellants.
Subin Associates, LLP, New York (Denise A. Rubin of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 6, 2023, which denied defendants' motion for leave to amend their answer to include a collateral estoppel affirmative defense, and, upon amendment, to dismiss pursuant to CPLR 3211(a)(5) and CPLR 3212 with prejudice plaintiff worker's past and future pain and suffering claims related to his alleged right knee and hip injuries, following a Workers' Compensation Board determination that such injuries had resolved to status quo ante as of August 12, 2021, unanimously affirmed, without costs.
The motion court properly relied on recently enacted section 118-a of the Workers' Compensation Law in denying defendants' motion. This section precludes reliance by a defendant on a prior determination of a Workers' Compensation Board (WCB) for collateral estoppel purposes in a subsequent proceeding or action (apart from a determination of whether there was an employee-employer relationship) (see Garcia v Monadnock Constr. Inc., ___ AD3d ___, 2025 NY Slip Op 00154 [1st Dept 2025]). In Garcia, we held that Sections 118-a and 11(2) of the Workers' Compensation Law have retroactive effect, in that they apply to cases involving injuries that occurred prior to the Law's enactment on December 30, 2022 (id. [finding that the law precluded the defendant from relying on WCB determination for collateral estoppel purposes in case involving an injury from 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025